IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


PEDRO COSME-ROSADO, et al

    **Plaintiff(s)**

       v.                        **CIVIL NO.** 98-1491 (JAG)

ALFREDO SERRANO-RODRIGUEZ, et
al

    **Defendant(s)**

==========================

**OPINION AND ORDER**

Plaintiffs have filed a motion seeking reconsideration of the
Court's March 26, 2002 Opinion and Order (Docket No. 56) granting
defendants' motion for summary judgment.  For the reasons set forth
below, the Court denies plaintiffs' motion.

A.    <u>Standard for Motions for Reconsideration</u>

Motions for reconsideration are entertained by courts if they
seek to correct manifest errors of law or fact, present newly
discovered evidence, or when there is an intervening change in the
law.  See <u>Jorge Rivera Surillo & Co. v. Falconer Glass Indus., Inc.,</u>
37 F.3d 25, 29 (1st Cir. 1994)(<u>citing</u> <u>F.D.I. Corp. v. World
University, Inc.,</u> 978 F.2d 10, 16 (1st Cir. 1992)); <u>Cherena v. Coors
Brewing Com.,</u> 20 F. Supp.2d 282, 286 (D.P.R.1998); <u>National Metal
Finishing Com. v. Barclaysamerican/Commercial, Inc.,</u> 899 F.2d 119, 124
(1st Cir. 1990).  Motions for reconsideration may not be used by the
losing party "to repeat old arguments previously considered and

Civil No. 98-1491(JAG)                                                2

rejected, or to raise new legal theories that should have been raised

earlier." National Metal Finishing Com., 899 F.2d 119, 123 (1st Cir.

1990); see also Agola v. Hagner, 678 F. Supp. 988, 991 (E.D.N.Y.

1987); Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314

n. 3 (M.D.Pa. 1994)(a motion for reconsideration is unavailable if it

simply brings a point of disagreement between the court and the

litigant, or to reargue matters already properly prior thereto

disposed); Davis v. Lukhard, 106 F.R.D. 317 (E.D.Va.1984) (a motion

for reconsideration cannot be used by a party "to reargue matters

already argued and disposed of and to put forward additional arguments

which it could have made but neglected to make before judgment").

B.    Discussion

        Plaintiffs' motion does not present newly discovered evidence or

contend that there has been an intervening change in the law.  Rather,

the motion simply brings a point of disagreement between plaintiffs

and the Court.  Plaintiffs' disagree with the Court's ruling that they

did not comply with the District Court's anti-ferret rule when they

filed a Statement of Contested Facts without making specific

references to the record.  (Docket 58 at 1).  This does not entitle

them, however, to revisit the issues decided in the summary judgment

motion.  The Court will, however, briefly address plaintiffs'

"disagreement" with the Court.

Civil No. 98-1491(JAG)                                                            3

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions:  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The critical question is whether a genuine issue of material fact exists.  A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial.  Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994).  A fact is material if it might affect the outcome of the suit under the governing law.  Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); Maldonando Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party.  See Springfield Terminal Ry. v. Canadian Pac. Ltd., 133 F.3d 103, 106 (1st Cir. 1997).  Nonetheless, the court is free to "ignore 'conclusory allegations, improbable inferences and unsupported speculation. '" Súarez v. Pueblo International, Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-

AO 72A
(Rev. 8/82)

Civil No. 98-1491(JAG)                                                    4

<u>Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990)).

     In order to aid the court in the daunting task of searching for

genuine issues of material fact in the record, this district adopted

Local Rule 311.12. (<u>See, e.g.</u>, <u>Corrada Betances v. Sea-Land Service,

Inc.</u>, 248 F.3d 40, 43-44 (1st Cir. 2001); <u>Morales v. Orssleff's EFTE</u>,

246 F.3d 32, 33-35 (1st Cir. 2001); <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24,

27-28 (1st Cir. 2000).  This rule, requires, in relevant part, that

a party opposing a motion for summary judgment submit, a separate,

short concise statement of material facts as to which the nonmoving

party contends there is a genuine issue to be tried and the basis of

such contention as to each material fact, properly supported by

specific reference to the record. D.P.R.R. 311.12.

     It is clearly established in this District that compliance with

Local Rule 311.12 is critical, given that the Court will only consider

the facts alleged in the aforementioned 311.12 statements when

entertaining the nonmovant's arguments. <u>See Rivera de Torres v.

Telefónica de Puerto Rico</u>, 913 F.Supp. 81 (D.P.R. 1995). In the

instant case, plaintiffs have failed to comply with the requirements

of Local Rule 311.12.  A list of facts with no specific references to

the record is of no use to the Court.  In other words, without

specific references to the record the list of uncontested facts is

worthless, given that "[t]he Court would have to continue to ferret

through the record, read all the answers to the interrogatories, study

Civil No. 98-1491(JAG)                                                    5

all the attached documents, and carefully scrutinize all the
depositions for lurking genuine issues of material fact." <u>Dominguez
v. Eli Lilly & Co.</u>, 958 F.Supp. 721, 727 (D.P.R. 1997)(citing
<u>Stepanishen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d 922, 930-931
(1st Cir. 1983).

     "In simple terms, 'parties [who] ignore [Rule 311.12, do so] at
their own peril'". <u>Vélez v. Puerto Rico Electric Power Authority</u>, 170
F.Supp.2d 158, 162 (D.P.R. 2001)(citing  <u>Ruiz Rivera v. Riley</u>, 209
F.3d at 28).  A cursory look at the record reveals that plaintiffs in
the present case have blatantly ignored the mandates of Local Rule
311.12.  The motion in opposition of defendants' motion for summary
judgment submitted by plaintiffs (Docket No. 40) contains a defective
311.12 statement of contested facts.  Out of the twelve (12)
statements of facts allegedly in controversy, only two contain a
general reference to the record.

C.   <u>Conclusion</u>

     Given that the opposition filed by plaintiffs (Docket No. 40)
suffer from this infirmity, i.e., failure to comply with the
requirements of the anti-ferret rule in this district, plaintiffs
motion for reconsideration, alleging that they complied with the anti-
ferret rule is hereby **DENIED.**  Plaintiffs are forewarned that the
Court expects strict compliance with the local rules, and particularly
with Local Rule 311.12.  If the Court were to grant plaintiffs' motion

Civil No. 98-1491(JAG)                                                    6

for reconsideration, it would be frustrating the entire purpose of the

anti-ferret rule, by having to search through the record and pinpoint

those facts that would support plaintiffs' arguments.  This the Court

will not do.  The least the Court should expect from counsel admitted

in this forum is strict compliance with the local Rules of Court.

     IT IS SO ORDERED.

     San Juan, Puerto Rico, this 11th day of June, 2002.

JAY A. GARCIA-GREGORY
United States District Judge